IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROLAND CHRISTOPHER ARSONS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-10-CV-203-KC |
| | § | |
| M. TRAVIS BRAGG, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Roland Christopher Arsons's *pro se* application for habeas corpus under 28 U.S.C. § 2241. Therein, Arsons, a federal prisoner currently incarcerated at the Federal Correctional Institution–La Tuna, in Anthony, Texas,[1] asks the Court to intervene in his behalf and order the Bureau of Prisons to reconsider its decision to deny him immediate placement in a residential reentry center under the Second Chance Act.[2] He maintains the "La

---

[1] Arsons pleaded guilty, pursuant to a plea agreement, to a superseding information charging him with using a communication facility in connection with a drug offense. The Court accepted his plea and sentenced him to forty-eight months' imprisonment followed by twelve months' supervised release. *See United States v. Arsons*, 1:05-CR-243-AWI (E.D. Cal. Aug. 20, 2008).

[2] The Second Chance Act of 2007, Pub. L. No. 110-199 § 251(a), 122 Stat. 657 (Apr. 9, 2008), directs "a shift from policing those on parole to rehabilitating them" and places on the "parole system . . . an increasing special obligation to help federal offenders successfully reenter into society." *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). The Act includes funding for such services as appropriate drug treatment, job training and placement, educational services, and other services or support needed for reentry, and is intended to rehabilitate prisoners and reduce recidivism. *Id*. The Act also addresses home confinement and placement in residential reentry centers (halfway houses). *See* 18 U.S.C.A. § 3624(c) (West 2010). Relevant to the instant Petition, the Act modifies 18 U.S.C. § 3624(c) to permit the Bureau of Prisons to place a prisoner in a community corrections facility for up to twelve months, instead of limiting that time to six months. The Act also directs the Bureau to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *See* 28 U.S.C.A. § 3624(c)(6). The Bureau adopted new

Tuna staff . . . abused its discretion in determining the term length of Mr. Arsons' pre-release community confinement."[3]  Arsons adds that he has not pursued his request through all tiers of the Bureau's administrative remedy program because "since February 2010 he has been routinely denied access to and use of the BOP Administrative Remedy Process at FSL La Tuna."[4]  For the reasons discussed below, the Court will dismiss Arsons's petition, pursuant to 28 U.S.C. § 2243.[5]

An initial issue which the Court must address in reviewing a § 2241 petition is whether the petitioner has exhausted his administrative remedies.  This is because a federal prisoner must typically exhaust his administrative remedies before seeking habeas relief.[6]  Exhaustion requires the petitioner to "fairly present all of his claims" through appropriate channels prior to pursuing

---

regulations, codified at 28 C.F.R. §§ 570.20-.22, effective October 21, 2008.  Both the statute and the regulations instruct the Bureau to make a determination on the amount of time a prisoner should spend in residential reentry center "on an individual basis."  *See* 28 U.S.C.A. § 3624(c)(6); 28 C.F.R. § 570.22.  The Bureau also adjusted Policy Statement 7310.04 to state that residential reentry center needs "can usually be accommodated by a placement of six months or less, and that placement in [a residential reentry center] for more than six months must be approved in writing by a regional director of the [Bureau]."  *See Miller v. Whitehead*, 527 F.3d 752, 757 n.4 (8th Cir. 2008).

[3]  Pet. 5 of 7 [Docket No. 1].

[4]  *Id.*; *see also Arsons v. Bragg*, EP-10-CA-175 (W.D. Tex. May 14, 2010) (dismissing without prejudice Arsons's previous § 2241 petition asking the Court to intervene in his behalf and order the Bureau of Prisons to immediately place him in a residential reentry center because he failed to exhaust his administrative remedies).

[5]  28 U.S.C. § 2243 (West 2010) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[6]  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision).

federal habeas relief.[7]  Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."[8]  In this regard, "[w]hen an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided."[9]  Additionally, "exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."[10]  These concerns apply with particular force "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise."[11]

Exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling."[12]  Furthermore, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," the petitioner need not exhaust his administrative remedies.[13]  Such exceptions to the exhaustion requirement, however, "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the

---

[7]  *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing a § 2241 petition filed by a state pre-trial detainee).

[8]  *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

[9]  *Id*. (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *McKart v. United States*, 395 U.S. 185, 194 (1969)).

[10]  *Id*. (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

[11]  *Id*. (citing *McKart*, 395 U.S. at 195).

[12]  *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001).

[13]  *Fuller*, 11 F.3d at 62.

futility of administrative review."[14]  If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion.[15]

The Bureau has established a multi-tiered administrative remedy program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement."[16]  First, the inmate must present his particular complaint to the prison staff and attempt to resolve the issue in an informal manner.[17]  If the complaint cannot be resolved informally, the inmate must file a formal written administrative remedy request on a BP-9 form with the prison warden.[18]  The warden has twenty days to respond, which may be extended by an additional twenty days.[19]  Any adverse decision by the warden must be appealed to the appropriate regional director by filing a BP-10 form.[20]  The regional director has thirty days to issue a response, which may be extended by an additional thirty days.  The final step in the administrative review process is an appeal to the Office of General Counsel on a BP-11 form.[21]  The General Counsel has forty days to issue a response.[22]  If an inmate does not receive a response within the time allotted for a

---

[14]   *Id.*

[15]   *Id.*

[16]   28 C.F.R. § 542.10(a).

[17]   *Id.* at § 542.13(a).

[18]   *Id.* at § 542.14.

[19]   *Id.* at § 542.18.

[20]   *Id.* at § 542.15(a).

[21]   *Id.*

[22]   *Id.* at § 542.18.

reply, he may consider the absence of a response a denial at that level and proceed to the next level.[23] An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process.[24]

Arsons does not assert that he exhausted his available administrative remedies through the Bureau's program. He simply claims that the La Tuna staff has denied him access to formal administrative remedy request forms and "Mr. Arsons has been illegally denied the ability to request formal review of any aspect relating to his conditions of confinement[.]"[25] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions" will not suffice to avoid summary dismissal.[26] Moreover, when confronted with the argument "that to require exhaustion of . . . remedies . . . would deprive a . . . prisoner of the speedy review of his grievance which is so often essential to any effective redress," the Supreme Court acknowledged that "exhaustion of . . . remedies takes time, but there is no reason to assume that . . . prison administrators . . . will not act expeditiously."[27] In short, Arsons has neither exhausted his administrative remedies nor shown the extraordinary circumstances necessary to exempt him from the exhaustion requirement.

Further, under the Second Chance Act, the Bureau retains the discretion to determine a

---

[23] *Id*.

[24] *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

[25] Pet 5 of 7 [Docket No. 1].

[26] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[27] *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973).

prisoner's placement.[28] Any request for placement in a residential reentry center is, therefore, not properly addressed to the Court.[29]

Accordingly, the Court concludes it plainly appears from Arsons's petition that he is not entitled to § 2241 relief. The Court, therefore, enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Roland Christopher Arsons's *pro se* application for habeas corpus under 28 U.S.C. § 2241 for failure to exhaust his administrative remedies.

2. The Court **DENIES AS MOOT** all pending motions.

**SO ORDERED.**

**SIGNED** on this 18th **day of June, 2010.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**

---

[28] *See* 18 U.S.C. A. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.").

[29] *See United States v. Sneed*, 63 F.3d 381 (5th Cir. 1995) (declining to address the defendant's request to serve the remainder of his sentence on home confinement, reasoning that "such requests are properly directed to the Bureau of Prisons."); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.").